UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANIEL K. LASHBROOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-184 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Daniel K. Lashbrook, by counsel, filed a habeas corpus petition arguing that the retroactive application of the Deprived Credit Time Restoration provisions of The Disciplinary Code for Adult Offenders, 02-04-101 (effective March 1, 2015) to his July 2013 losses of Earned Credit Time is a violation of the Ex Post Facto Clause of the Constitution. He asks for the restoration of 23 days earned credit time. The Superintendent argues Lashbrook has not demonstrated he exhausted this claim in the State courts. Lashbrook replies "the law involving the exhaustion of state remedies where a constitutional challenge is implicated is confusing or undeveloped [and] thinks this Court has jurisdiction to hear the argument[, but] even if it does not, it should address the merits of the claim in the interests of judicial economy." ECF 14 at 2.

First, Indiana law is not undeveloped here. Second, a federal district court may not grant habeas corpus relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A. § 2254(b)(1). Third, if this court lacked jurisdiction, judicial economy would not be served by rendering a void decision.

Indiana courts have demonstrated that they will adjudicate whether the retroactive application of earned credit time restoration provisions violate the Constitution. In *Young v. Indiana Dep't of Correction*, 22 N.E.3d 716, 719 (Ind. Ct. App. 2014), the Court of Appeals of Indiana held "that Section IX.E–9(d) of the DOC's Disciplinary Code for Adult Offenders, which limits restoration of credit time to credit time deprived during an offender's current sentence, does not violate the Equal Protection Clause of the Fourteenth Amendment or Article 1, Section 23 of the Indiana Constitution as the policy applies to offenders serving consecutive sentences." *Id*. at 719. *Young* demonstrates Indiana courts will adjudicate the ex post facto claim raised in this case. The parties agree Lashbrook has not presented this claim to the State courts and do not dispute such an adjudication by Indiana courts would be effective as required by 28 U.S.C.A. § 2254(b)(1)(B)(ii). Because the claim has not been presented to the Indiana courts, it is unexhausted. Therefore habeas corpus relief is unavailable and this petition must be dismissed without prejudice so that Lashbrook can present it to the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, because Lashbrook is not challenging his state court conviction, the 1-year period of limitation in 28 U.S.C. § 2244(d) does not apply. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) ("[T]he custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board."). This means that dismissing this case will not effectively end his chance at habeas corpus review because he will still have time to file a new habeas corpus

case (if necessary) after he finishes exhausting this claim by presenting it to the Indiana Supreme Court. Therefore a stay would not be appropriate.

If Lashbrook wants to appeal this decision, he does not need a certificate of appealability because he is not challenging his conviction. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** because the claim is unexhausted. Daniel K. Lashbrook is **DENIED** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: October 18, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court